**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL ELLIS, *individually and on behalf of a class of similarly situated individuals*,<br><br>*Plaintiff*,<br><br>v.<br><br>TRADESMEN INTERNATIONAL, LLC<br><br>*Defendant*. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No. ___________<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff, Michael Ellis (hereinafter “Plaintiff”), by and through his undersigned attorneys, brings this class action complaint against Defendant, Tradesmen International, LLC (hereinafter “Defendant”), for violations of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 (“WPCL”) as well as breach of contract and related quasi-contract claims, alleged in the alterative. Plaintiff Ellis, who is bringing this proposed class action on behalf of similarly situated Pennsylvanians, asserts diversity jurisdiction in this civil action because Tradesman International, LLC, is a foreign company, headquartered in the State of Ohio.

## PARTIES

1. Plaintiff, who resides in Scranton, Pennsylvania, and Defendant employed him from September 2019 to December 2019 as a carpenter at various worksites throughout central and eastern Pennsylvania.

2. Defendant, which employed Plaintiff during 2019, is a limited liability company organized and existing under the laws of the State of Ohio, which according to the public records of the Pennsylvania Secretary of State ("SOS") is operating in this state using the SOS Entity Number of 4311996. While Defendant operates in a multi-state territory, Plaintiff worked out of Defendant's office located in Throop, Pennsylvania. According to its website, Defendant provides employment services, offering staffing, recruitment, and support services throughout the United States. Under the WPCL, Defendant qualifies as Plaintiff's employer. 43 P.S. § 260.2a.

## JURISDICTION AND VENUE

3. Plaintiff's civil action asserts only state law claims. However, because the Parties are citizens of different States (i.e., Pennsylvania vs.

Ohio), 28 U.S.C. § 1332 confers diversity jurisdiction upon the federal district court.

4. Venue is properly laid in the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(l) and 139l(b)(2) because Defendant is located in this judicial district and because the majority of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**FACTS**

5. Defendant employed Plaintiff as a carpenter from August 2019 until December 2019.

6. In general, Defendant paid Plaintiff an hourly wage of approximately $24.00, although exact wage rate varied based on the particular job assignment or project.

7. In December 2019, Defendant assigned Plaintiff to work on an renovation project at a fast-food restaurant in Hallstead, Pennsylvania, promising to pay an hourly wage of $21.00. In fact, Plaintiff completed the assigned job but was only paid an hourly wage of $20.00. See Exhibit A (Attached as Exhibit A are true and correct copies of Plaintiff's payroll records during his employment with Defendant.)

8. In October 2019, Defendant assigned Plaintiff to work at construction site in Blakeslee, Pennsylvania. On two days of work, Defendant sent Plaintiff to the worksite when no work was available. In response to sending Plaintiff on a futile trip to work when no work was available, Defendant promised to pay Plaintiff for his travel time to and from the worksite, which was a hour from his home, at a hourly rate of $24. For the two days of fruitless commutes to a worksite without work, Defendant promised to pay Plaintiff four hours at $24/hr or $96.00. By making the promise of reimbursing Plaintiff for his travel time on these days when he commuted long-distance to a worksite with an actual work for him to complete, Defendant induced Plaintiff to continue working on the particular project and accepting additional work assignments. Plaintiff relied upon Defendant's promises and continued working for Defendant. Defendant never paid the promised travel time compensation.

9. Upon information and belief, Defendant maintained a common practice and policy of promising high hourly wage rates while actually paying its employees lower hourly rates. Similarly, upon information and belief, Defendant engaged in a common practice and policy of inducing its

employees with false promises of travel reimbursements when they commuted long distances to worksites that had no actual work for them to do on particular work days.

## CLASS ALLEGATIONS

10. Plaintiff brings his state law claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class:

> All individuals, who, during any time within the last four years have been employed by Defendant (or any affiliated business entity) as carpenters assigned to Defendant's office in Throop, Pennsylvania.

11. The class action requisites set forth in Federal Rule of Civil Procedure 23 are satisfied and, therefore, class action treatment of Plaintiff's state law claims is appropriate.

12. Upon information and belief, the class includes over 50 individuals, all of whom are readily ascertainable based on Defendant's payroll records and are so numerous that joinder of all class members in impracticable.

13. Defendant's conduct with respect to the class members raises questions of law and fact that are common to all class members. Common factual questions include, inter alia, the development and implementation of

the office-wide payroll deductions, timekeeping and compensation practices and/or policies described herein. The legality of these policies and practices will be determined through the application of general legal principles to common facts.

14. Plaintiff is a class member, his claims are typical of the claims of other class members, and Defendant's corresponding defenses are typical of the claims or defenses applicable to the class members because, inter alia, all claims are based on the same legal theories and remedies. Further, Plaintiff's allegations that Defendant violated class members state law rights to compensation provisions by failing to compensate him for all legally compensable time is sufficiently aligned with the interests of other class members that Plaintiff's pursuit of his own interests will benefit all class members.

15. Plaintiff will fairly and adequately assert and protect the interests of all class members because, inter alia, (a) Plaintiff is represented by experienced counsel who is well-prepared to vigorously and competently litigate this action on behalf of the class members; (b) Plaintiff and his counsel are free of any conflicts of interest that prevent them from pursing this action on behalf of the class members; and ( c) Plaintiff and his

counsel have adequate financial resources to assure that the class members' interests will not be harmed.

16. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

**COUNT I**
**Violations of Pennsylvania Wage Payment and Collection Law**

17. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

18. At all times relevant, Plaintiff and the class members are employees entitled to the protections under the WPCL. (43 P.S. 260.1, et seq.)

19. At all times relevant, Defendant is an employer covered by the WPCL.

20. On certain work days, when the work assignment was cancelled and Defendant promised to reimburse Plaintiff and class members for travel time, but it failed to do so. This promised payment of

travel reimbursement for cancelled work assignment constitutes a "fringe benefit" under the WPCL. In violation of the WPCL, Defendant failed to pay the promised fringe benefit.

21. On certain work assignments, Defendant promised to pay Plaintiff and class members a higher hourly rate than it actually did, in violation of the WPCL.

22. The WPCL provides that "[e]very employer shall pay all wages, other than fringe benefits and wage supplements, due to his employees on regular paydays designated in advance by the employer." 43 P.S. § 260.3(a).

23. Defendant's failure to pay Plaintiff and the class members earned fringe benefits and wages at the agreed rate is in violation of the WPCL.

## COUNT II
## Breach of Contract

24. Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein. Plaintiff alleges this Count and the other breach of contract and quasi-contractual counts (i.e., Counts II-V) in the alternative as the evidence shall be found to support.

25. Defendant promised in writing (by text or email) to Plaintiff and the similarly situated class members either a higher hourly wage rate than actually paid, or promised reimbursement for travel time to cancelled work assignments but failed to actually pay the reimbursement, or both

26. The written promises by text or email constituted an enforceable contract between Defendant and Plaintiff and the similarly situated class members.

27. Defendant's conduct in routinely failings to honor its written promises of a higher wage rate than paid and failing to pay written promises travel reimbursements to Plaintiff and the similarly situatied class members constitued a breach of the duty imposed by the contract.

28. Defendant's breach of its duty imposed by the contract harmed Plaintiff and the similarly situated class members by depriving them of promised higher or additional compensation, causing them significant damages.

**COUNT III**
**Breach of Implied Employment Contract**

29. Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein. Plaintiff alleges this Count and the other breach of contract and quasi-contractual counts (i.e., Counts II-V) in the alternative as the evidence shall be found to support.

30. Plaintiff and the similarly situated class members supplied additional consideration (i.e., higher hourly wage rate and travel time compensation) to establish an employment contract.

31. Defendant failed to pay Plaintiff and the similarly situated class members the additional promised consideration.

32. As a proximate result of the Defendant’s conduct, Plaintiff and the similarly situated class members sustained significant damages and a claim is made therefore.

**COUNT IV**
**Promissory Estoppel**

33. Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein. Plaintiff alleges this Count and the other breach of contract and quasi-contractual counts (i.e., Counts II-V) in the alternative as the evidence shall be found to support.

34. Plaintiff and the similarly situated class members supplied additional consideration for the employment contract by suffering a substantial detriment in that they continued their employment under certain terms of additional consideration, which they did ultimately receive..

35. The Defendant failed to pay Plaintiff and the similarly situated class members the promised additional consideration within a reasonable period of time following Defendant's promise and their performance.

36. Plaintiff and the similarly situated class members had no duty of inquiry as to whether the Defendant intended to provide the additional consideration in the form of higher hourly wage rate or travel time compensation.

37. As a proximate result of the Defendant's conduct, Plaintiff and the similarly situated class members sustained significant damages and a claim is made therefore.

## COUNT V
## Unjust Enrichment

38. Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein. Plaintiff alleges this Count and the other breach of

contract and quasi-contractual counts (i.e., Counts II-V) in the alternative as the evidence shall be found to support.

39. Defendant promised higher hourly rates of pay to its employees, Plaintiff and the class members, than it actually paid them. Defendant also promised its employees reimbursement for travel time to cancelled work assignments which it also failed to pay.

40. By accepting the work assignment and performing the assigned work, Plaintiff and the class members conferred a benefit of creating billable work for the Defendant.

41. Defendant acknowledged the completed assigned work by the Plaintiff and the class members, demonstrating that Defendant appreciated the beenefit conferred.

42. Defendant inequitably accepted and retained the benefits conferred by Plaintiff and the class members. Defendant retention of the unpaid wages constitutes unjust enrichment.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, Michael Ellis, on behalf of himself and other members of the class, seek the following relief:

a. Orders permitting this action to proceed as a class action, that Plaintiff be appointed class representative, and that undersigned counsel be appointed class counsel;

b. Unpaid wages (including commission earned);

c. Prejudgment interest;

d. Liquidated damages and penalties;

e. Litigation costs, expenses, and attorney's fees; and

f. Such other relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury as to all issues so triable.

Date: July 21, 2020

RESPECTFULLY SUBMITTED:

LAW OFFICES OF
ERIC A. SHORE, P.C.

*/s/ Scott K. Johnson*
SCOTT K. JOHNSON, Esq.
Two Penn Center, Suite 1240
1500 John F. Kennedy Blvd.
Philadelphia, PA 19102
Tel.: (267) 546-0124
Fax: (215) 944-6124
Email: scottj@ericshore.com
*Attorney for Plaintiff, Michael Ellis, and the proposed class*